## SUPREME COURT.

### OSBORNE agt. BETTS AND SMITH.

Where a cause is tried before a judge at the circuit without a jury, who sub-
sequently files his decision, an application can not afterwards be made for
an extra allowance to another judge, presiding at a different court. Such
application ought to be made at the trial of the cause.

*It seems*, that the statute does not authorize the court to make an extra allow-
ance in an action brought to set aside a voluntary assignment.

*Albany Special Term, March* 1853. This cause was tried
before Justice HARRIS, without a jury, in November 1852, and a
decision made therein on the 13th January 1853, by which the
complaint was dismissed without costs as to defendant Betts, and
with costs as to the defendant Smith. The defendant Smith,
now moves for an extra allowance of costs under section 308
of the Code, and excuses his delay in making the application on
the ground of professional engagements.

HENRY SMITH, *in Person, Defendant.*

S. STEVENS, *for Plaintiff.*

PARKER, Justice.—Rule 82 declares that applications of this
description can only be made to the court before which the trial
is had, or the judgment rendered. This does not mean that if
the trial is in the Supreme Court, the application must be made
in that court. Such a provision would be quite unnecessary,
for no lawyer would think of applying to any other than the
Supreme Court for such allowance. It was intended by the rule
that the question of extra allowance should be determined by the
judge who tried the cause, who must necessarily be most com-
petent, from his knowledge of its character, to decide upon the
propriety of the application, and the extent to which the allow-
ance should be made, if made at all. It was also a leading
object of the rule to prevent the abuse which had already been
attempted, of attorneys running around to inquire out and select
a judge for the application, in the hope of finding one who
might prove to be more facile than his brethren, in yielding to
these too often extravagant demands for extra allowance. It
was hoped that by this restriction some of the evils growing out

of this most objectionable provision of the Code, might be guarded against, though it is certain that no uniformity of practice, or of opinion, can ever be attained under it.

The language of the rule sufficiently indicates the object above stated.   If a cause be tried at a circuit court  in Schoharie, the successful party can not apply at a circuit court  in Albany for an extra allowance.   Nor can such application be made at a special term or at a subsequent circuit, even in Schoharie, but " only to the court before which the trial is had;" that is, it must be made at the circuit or court at which the cause was tried (Dyckman agt. McDonald, 5 *How. Pr. R.* 121).

In this case no application for an extra allowance was made to Justice HARRIS, by counsel on either side at the time the cause was submitted, nor did the counsel ask to have that question reserved by the judge for subsequent argument or further consideration, and the application can be made at no other court.

In The People vs. Clarke (11 *Barb. R.* 337), an extra allowance was made by Justice WILLARD, in a cause which had been previously decided by Justice CADY.   But no objection appears to have been taken, and no reference made to the rule, and the question may have been submitted to Justice WILLARD, by the consent and for the convenience of counsel.

The last clause of the rule was designed to enable a party who had succeeded in a cause tried before a referee, to apply for an extra allowance at a special term of the court (Sackett agt. Bull, 4 *How. Pr. R.* 71).   This was necessary for the reason that no such application could be made to the referee.   The motion must be therefore denied.

I am inclined to think there is another good answer to the motion.   The action is said to have been brought for the purpose of setting aside a voluntary assignment.   An additional allowance is not given under the first clause of the 308th section, except when the action is brought for the recovery of money, or of real or personal property.   In an action purely equitable, no extra allowance can be made, unless it comes under the latter clause of the section, which is clearly inapplicable to this case. But this point was not raised on the argument, and the motion is denied on the other ground, but without costs.