## SUPREME COURT.

Woods, and others agt. The Illinois Central Railroad Company.

An *extra allowance*, under section 309 of the Code, awarded to the defendant, where the plaintiffs at the trial, suffered judgment to be taken against them as upon a non-suit, upon the ruling of the judge that the evidence proposed to be given in their opening would not be applicable to the cause of action stated in the complaint.

*New York Special Term, January*, 1861.

This was a motion on the part of the defendant for extra allowance under section 309 of the Code.

The facts are briefly these : The plaintiffs commenced an action in this court, to recover for labor, materials, &c., furnished and expended by them as contractors for the building of a portion of the railroad above named, and alleged in their complaint that an accounting was had between them and the defendant, that the sum of $13,300.15 was found to be due, and that the defendant then promised but failed to pay the same.

There was also set out in the complaint a claim for damages accrued to the plaintiffs by reason of a breach of contract on the part of the defendant, amounting to $50,000. This claim, however, was abandoned long before the trial, and notice given to the defendant that no evidence would be offered in support of it, and that the only claim insisted upon was for the $13,300.15.

Upon the trial at the October term, 1860, it was held by Judge ALLEN that the evidence proposed by the plaintiffs' attorney, in his opening of the cause to the jury, would not be applicable to the cause of action (the accounting), as set forth in the complaint, and thereupon the plaintiffs suffered judgment to be taken against them as upon non-suit.

The defendant now sought to get an allowance upon the whole amount alleged to be claimed in the complaint, to wit, the sum of about $63,000.

Mr. *William Tracy*, argued at length in support of the motion, and Mr. *C. S. Newell*, in opposition, insisted that in order to entitle a party to the allowance provided for by section 309, referred to, he must show that the action was in conformity with the language of section 309, both " difficult and extraordinary,"—and that unless the nature of the action and the circumstances attending it, clearly showed that both these elements existed, he was not entitled to extra allowance under that section.

BARNARD, Justice, *held* that although such was the language of section 309, the meaning intended by the legisla.ture would doubtless have been better expressed, had the.

disjunctive " or " been used instead of the conjunctive " and;" that the word "extraordinary" meant " notoriety"—" exciting public attention," &c.—which certainly was not an element in the present case; but, inasmuch as it would be almost impossible to find a case both " difficult and extra-, ordinary," and also, inasmuch as Judge ALLEN's ruling at the circuit has excited comment, the case was evidently a " difficult" one, and he should, therefore, order an allowance of $325, with $10 costs of motion.