## LIVINGSTON *vs.* RENDALL, survivor, &c..

Although, under the Code, the time to answer expires by its own limitation, without the entry of a rule for default, yet the mere lapse of twenty days from the service of the summons is not the obtaining of a judgment.

Where a judgment was recovered against the defendant after his death, every step in the cause—except the service of the summons three years before—having been taken after the defendant was dead, the judgment was set aside on motion, by his administrator.

The former practice, under the Revised Statutes, of making a suggestion upon the record, of the death of the defendant before judgment was obtained, is practically inapplicable, under the Code.

There is no sense in which judgments are now entered as of any term; and there is no reason why a judgment by default, obtained in vacation, should relate back to the first day of the last preceding term.

MOTION by the defendant's administratrix to set aside a judgment.

*M. Blauvelt,* for the motion.

*N. C. Moak,* opposed.

LEARNED, J.   This is a motion by an administratrix to set aside a judgment against her intestate, a sole defendant, on the ground that it was recovered after his death. The summons, without the complaint, was served September 5, 1866, by the plaintiff's attorney. The proof of such service was made January 29, 1870. And on the same day a judgment roll was filed, consisting of the summons and proof of service, of a complaint verified on the same day, by the plaintiff's attorney, of an affidavit made the same day, by the plaintiff's attorney, that no answer or demurrer had been served, and of the usual judgment for the recovery of $2451.30, and costs, $20.52. The complaint sets forth the recovery of a judgment against the defendant and another, June 5, 1856, and the assignment of such judgment to the plaintiff, and asks judgment for the amount thereof. A few months after the

recovery of the judgment in this action, the plaintiff's attorney wrote at the foot of the roll a suggestion of the death of the defendant on or about the 1st of January, 1870; as the fact was. The plaintiff and his attorney made oath that they had no knowledge of the defendant's death at the time of entering judgment. The plaintiff's attorney states that, after the service of the summons, he delayed entering judgment, owing to the defendant's statement that he was poor, and that he would pay when he could, if the plaintiff would not enter judgment; that in December, 1869, the plantiff's attorney notified the defendant that he should enter up judgment.

The plaintiff claims that the judgment is properly entered, under the authority of 2 *R. S. marg. p.* 359, § 7. This section provides that in all cases in which a record of judgment shall be filed and docketed within one year after the death of the party against whom such judgment was obtained, a suggestion of such death, if it happened before judgment rendered, shall be entered on the record.

There are several provisions of the Revised Statutes, made in reference to the old practice, which have become practically inapplicable to the practice under the Code. Originally, judgments were perfected only in term time; and even after the statute allowed the perfecting of judgments in vacation, still the "*placita*" was of the preceding term, or of the term when issue was joined. But in theory and in form, whenever a default was taken or judgment by default granted, it was done by the court. And this was evidenced by the entry of a rule in the common rule book. In an action on a judgment like the present, the plaintiff's attorney, on filing proof of service of process or its equivalent, would have entered first, the defendant's appearance, next his default, then a judgment that the plantiff recover against the defendant his debt.

This would be the judgment of the court, in the case; in theory, granted by the court; in fact, taken by the

plaintiff at his peril.   Subsequent to this obtaining of
judgment, another thing was to be done by the plaintiff,
before any proceedings could be had thereon, viz., the
filing a record.   (2 *R. S. marg. p.* 360, §§ 14, 15.)   This
was a more formal document than the collection of papers
which, under the present practice, constitutes the judg-
ment roll.   It was a history of the proceedings.   It did
not contain the proof of service of process; for that had
been previously filed.   It was the record of a judgment
which *had been* obtained; the judgment having been pre-
viously entered in the rule book of the court.   It is to
this practice that section 7, above cited, refers; that is, to
the filing of a record within a year after the death of the
party against whom the judgment was obtained.   The
judgment referred to, in that section, was either obtained
during the life of the party, or was rendered on a verdict
obtained during his life.   The record of it might be filed
after his death.

Now, the difficulty in this present case is, that there was
no judgment taken against the defendant during his life,
and no verdict rendered against him.

Probably the plaintiff might have filed his proof of
service, and entered a rule for judgment; although this
practice seems at present to prevail only in cases of actual
application to the court for judgment.   And if the plain-
tiff had taken and entered a judgment during the life of
the defendant, it is very possible that he could have filed
the judgment roll within a year after the defendant's
death.   But he did no such thing.   The only judgment
which he has obtained was obtained after the defendant's
death.   I think that he could not do this.   It is true that
the time to answer now expires by its own limitation,
without the entry of a rule for default.   But certainly, a
judgment is not recovered against a defendant by the
mere inaction of the plaintiff.   The mere lapse of twenty
days from the service of the summons is not the obtain-

ing of a judgment. Indeed, it appears by the plaintiff's papers that the obtaining of a judgment was delayed, not, perhaps, by agreement, but by mutual understanding, from September 5, 1866, to the middle of December, 1869; which was till about two weeks before the defendant's death.. There was, under the old practice, and there still is, I think, a plain distinction between a judgment and a judgment roll. The distinction can be easily seen in such actions as foreclosure or partition, and others of that nature. But in simple actions on contract, where judgment is taken by default, the practice seems to prevail that there shall be no entry of judgment except what is contained in the roll. Yet the Code requires the clerk to enter judgments in a judgment book. (§ 279.) At any rate, in this present case, there was no verdict, and there was no judgment obtained until after the death of the defendant. And, indeed, it was not till after his death, and till the very day of filing the roll, that the complaint was verified, or proof of the service of the summons made. Every act, therefore, except the service of the summons, three years before, was done after the defendant was dead.

It will be seen, also, by reference to 2 *R. S. marg. p.* 387, §§ 3, 4, 5, that under the old practice, it was only after verdict or judgment interlocutory, that a final judgment could be entered when the sole defendant had died. Even in the case of judgment interlocutory, a *scire facias* was to be issued against the executors and the judgment was against them. (§ 3.)

*Nichols* v. *Chapman,* (9 *Wend.* 455,) is a case on bond and warrant of attorney, holding that a judgment on bond and warrant may be entered after the defendant's death; provided it be entered as of the term in which he died, if the death happen during a term; and if in a vacation, then as of the term preceding. But that decision was based on the old and technical theory that a judgment was entered

as of the first day in the preceding term; and it is doubt-ful whether, even then, that decision would apply to a judgment by default. There is certainly no such theory now remaining. There is no · sense in which judgments are entered as of any term. And it would be very useless, and worse than useless, to continue a mere fiction when no good is to be gained.

The judgment roll in question does not purport to be as of any term, general or special; and there is no reason why it should relate back to first day of December term.

Motion granted, with $10 costs.

[ALBANY SPECIAL TERM, June 27, 1871. *Learned*, Justice.]