By, the Court.—Jokes, J.
The order below is sought to be supported on two grounds.
1st. That the court has no power to make an allowance under the circumstances of the case.
2nd. That if it has the power, then it rests in the discretion of the judge to whom the application is made, whether he will exercise it or not, and that such discretion was,properly exercised by the judge below.
To maintain the first ground it is urged:
a. That in equitable actions like the present no allowance can be had.
5. That the acceptance of the offer makes a contract between plaintiff and defendant for the recovery of a sum certain; and that the amount of an allowance being uncertain and requiring to be determined by the court on motion, is not covered by the terms of the contract.
c. That there is no basis on which to compute the allowance.
To establish the first reason the case of Osburn v. *126 Betts, decided March, 1853 (8 How. Pr. 31); Weeks v. Southwick, decided July, 1855 (12 Id. 170), and Buchanan v. Morrell, decided December, 1856 (13 Id. 296), are cited.
These cases were all decided under the statutory provisions as they existed in 1852, which had not been altered up to January, 1857 (see Code of 1852, § 308). These provisions were that :
1st. In actions for the recovery of money or of real or personal property after a trial had, the court might, in difficult and extraordinary cases, make an allowance.
2nd. That an allowance might be made in any case where the prosecution or defense had been unreasonably or unfairly conducted.
3rd. That an allowance might be made in certain specified actions and proceedings, and in actions where a warrant of attachment had been issued, without regard to the character of the case, as being difficult or extraordinary, or that of the prosecution or defense as having been unreasonably or unfairly conducted.
Under these provisions, the court correctly held in the above cited authorities, that where a case did not fall within the second and third provisions the power to grant an allowance was expressly limited by the first provision to actions for the recovery of money or of real or personal property. On this doctrine the decisions in the cited cases rest.
The present statutory provisions are widely different. The two limitations contained in the first provision of the Code of 1852, to wit: that the action must be one for the recovery of money or of real or personal property, and that a trial must have been had—are removed ; and an extra allowance is authorized in all cases which are difficult and extraordinary, when a defense has been interposed and a trial had (Code, § *127 509, as amended in 1865). The foregoing cited cases have, therefore, no application.
As to the second reason: If it be true that the offer and its acceptance form a contract, it by no means follows that it is necessarily a contract for the recovery of a certain fixed amount. That depends on the construction to be given to the language of the offer.
The offer and acceptance are, however, proceedings in the cause, and are more analogous to a stipulation in a cause, which the court will enforce or relieve from on motion, than to a contract as such which can only be enforced or relieved from by an independent action. In mating a contract one may propose such terms as he pleases (provided he infringes not a positive prohibition of law), and the other may accept or not without subjecting himself to any penalty or forfeiture for not accepting; while in mating the offer the defendant is under certain restrictions, and the plaintiff, if the offer is properly made, is subject in a certain event to the incurring of a loss by reason of his non-acceptance.
This leads to an inquiry into the nature, object and scope of the provisions of the Code relating to an offer by the defendant and its acceptance by plaintiff.
That a defendant might in some cases be willing to concede that plaintiff was entitled to some, or a part, of the relief he asked, but be desirous of contesting his right to the rest, was too apparent to escape the attention of the codifiers. It was also apparent that the defendant, if successful in defeating the plaintiff as to the part of relief which he disputed, should not be subjected to the payment of the costs arising in that litigation because the plaintiff succeeded as to the relief which he was willing to concede, but that he should rather be himself paid the costs thereof ; while the plaintiff should be indemnified for the expenses of the litigation *128 which produced the offer, if he was willing to accept it and end the suit.
To meet such cases the provision in question was framed and passed. It is clear that to be consistent with these reasons for the adoption of the provision the offer for a judgment as to parts of the relief sought, must be unconditional and unqualified, since the reason for allowing the offer is that the defendant is willing to concede the right of plaintiff to part of the relief sought, which reason fails if he clogs his offer with conditions or qualifications, for in that event he does not concede the right to relief except on the terms which he may choose to impose.
The language of the provision of the Code (excluding for the present the words “or to the effect”) is: “The defendant may . . . serve on the plaintiff an offer in writing to allow judgment to be taken against him for ¿he sum or property therein specified, with costs.” The language precludes the idea that any condition or qualification can be annexed. The only doubt that could arise is on the introduction of the words “to the effect.” These words have, however, in view of the reasons on which the provision is founded, been construed not to admit of the annexing of any condition or qualification, but simply to meet cases where the relief sought was something other than money or property, and to authorize, in these cases, an offer to allow judgment of a specified part of the relief sought, without any condition or qualification.
This is the effect and sole effect of.the case of Pinckney v. Childs (7 Bosw., 660), cited by the defendant. The language used in that case, “That section prescribes an unconditional, unqualified offer, upon which the clerk can enter judgment without further proof or inquiry,” when construed in connection with the whole context of the case, and bearing in mind that the whole amount of the costs for which judgment is to be *129 entered under the Code is always to be fixed and determined by the clerk, sometimes requiring the determination by him of matters of fact, will be found to refer to that part of the offer which offers to allow judgment for a part of the relief demanded as being the plaintiff’s right arising out of the cause of action, and not to that part which offers indemnity for the expenses of the litigation, to wit, the costs.
Upon further reviewing the provision of the Code, it will be found that for the purpose of indemnifying the plaintiff for the expenses of the litigation, the defendant is required, in addition to offering judgment for a certain specified part of the relief demanded as being the plaintiff’s right arising out of the cause of action, to also offer judgment for the costs of the action. He is not permitted to offer judgment for a certain specified amount of costs ; but generally for the costs of the action. The offer, then, so far as relates to the costs, is required to be, and in fact is, an offer to allow judgment for such costs as the plaintiff is entitled to. This leaves it open for subsequent inquiry and deter ruination as to the amount of costs to which the plaintiff is entitled.
For such determination it is necessary to ascertain what is included in the word “ costs.”
■ The same act which contains the provision permitting the defendant to serve an offer to allow judgment to betaken against him with “costs,” defines what is meant by the term costs when used in the act. It defines it as meaning those sums which by the provisions of the act may be allowed to the prevailing party in the judgment by way of indemnity for his expenses in the action (Code, § 303). How, section 307 authorizes the allowance of certain specified sums, and section 309 authorizes, in certain cases, a further allowance in addition to the sums specified in section 307. Section 303 *130 declares that these allowances are for the purposes of that act termed “ costs.”
There being nothing in section 385 to control this declared signification of the word costs, it must be . taken to have been used with that meaning in that section.
The offer, then, is not merely to allow judgment for such of the sums allowed by section 307 as the plaintiff might then be entitled to, but also such further sum as the court may deem him entitled to, and allow him, under section 309, by way of indemnity for his expenses. Both allowances are covered by and included in the term “ costs,”' as used in section 385.
It is suggested that if this construction prevails the defendant would be without the means of determining, with any degree of accuracy, the amount of the costs that might be adjudged against him, and that thus he would be deprived of one important element in determining whether to make an offer or not.
Whatever force there may be in this suggestion as addressed to the legislative body for an alteration of the law, it has no force as an argument against the above construction of the law. Indeed, I think it has no force as a suggestion to the legislature. The amount of costs to which a defendant might be subjected under his offer, forms no element in determining whether he should make an offer or not. The object of the offer is to enable a defendant to exempt himself from liability to pay the plaintiff’s expenses of future litigation by reason of his ultimate recovery of a judgment which the defendant was willing he should take at the outset, although he was unsuccessful as to the matters litiga-1 ted, and to enable the defendant to recover from the plaintiff his expenses of his future successful litigation I of the matters really in controversy. All that is neces-1 ' sary for the defendant to determine for this purpose is, I whether he is willing to concede that the plaintiff is en-l *131 titled to some part of the relief he demands. He is not to indulge in a train of reasoning like this: I know the plaintiff is entitled to some relief, and if I can get off for a certain amount of costs, or for less costs than I would otherwise be chargeable with, I will let him take that which I know he is entitled to, and will make an « offer, but if I cannot then I will not. He might have relieved himself from all costs by a proper notice, offer, tender, or payment before suit brought; but not having done this, and having put the plaintiff to the expense of a suit which has forced an offer, he should not be permitted to use that offer for the purpose of impairing the plaintiff’s claim for an indemnity for his expenses up to that time.
For the above reasons I have come to the conclusion that on an offer under section 385, the court has power to grant an allowance under section 309.
The next question is whether there is any basis on which an allowance can be granted.
The power to grant an allowance is limited to five per cent. It results from this that the allowance granted must be ascertained by a percentage, and for this purpose a sum of money must be ascertained as the amount on which the calculation is to be made.
Otherwise the limitation would be inoperative, since it could never be ascertained whether five per cent, had been exceeded, and the result would be a power to grant an allowance without limitation.
It is provided by the Code that the percentage may be granted on the amount of the recovery or claim, or subject matter involved.
In the case of a plaintiff, the percentage can be calculated only on the recovery, or the subject matter involved, and not on his claim ; while in the dase of a defendant it may be calculated on the plaintiff’s claim, and also in some cases on the defendant’s recovery, or on the subject matter involved.
*132 The words “ amount of recovery or claim,” indicate and mean that the recovery or claim shall be for a sum of money, the words “subject matter involved” being used to cover all other cases.
In the present case the plaintiff has not recovered a money judgment. He has only obtained a judgment for an injunction. If, then, he is entitled to an allowance, it must be on the subject matter involved, and the percentage must be calculated on the money, value thereof.
Even though the claim for damages and profits may be considered as originally involved, yet no allowance can be granted thereon, because the plaintiff has not succeeded as to them, but by the acceptance of the offer has waived his claim thereon.
The plaintiff, however, claims in his complaint a right to and property in a certain trademark, and that defendants have infringed thereon. The answer puts both these claims in issue. The offer is to be regarded as a concession of both claims. It results that the trademark and its infringement constitute the subject matter involved, and that the plaintiff has succeeded thereon.
But no money value can be assigned to the trademark as distinct from the value of the article of which it is the trademark; while the infringement is a wrong, and as such, incapable of possessing a value.
I have been unable to ascertain any money basis on which to calculate a percentage, and for this reason think the order below must be sustained.