## JOHN H. MORE *vs.* JAMES GORDON BENNETT.

Where the defendant, in an action for libel, dies, before final judgment, the plaintiff is not entitled to an order continuing the action against the executor of the deceased defendant; for the reason that the cause of action does not survive or continue.

THIS action was brought, in June, 1863, to recover damages for an alleged libel appearing in the *New York Herald.* · It was tried at a circuit, and the complaint dismissed because it did not contain facts sufficient to constitute a cause of action.    Subsequently, application was made, at Special Term, for leave to amend the complaint, which was granted.    The General Term reversed that order, and an appeal was taken to the Court of Appeals, and the complaint held sufficient, and a new trial ordered, in May, 1872.    (*See* 48 *N. Y.* 472.)

On the 8th day of June, 1872, the defendant in the action died; and his son, James G. Bennett, was appointed executor, and refused to revive the action, on the ground "that the cause of action did not survive."

The moving papers alleged that "the publication was for the purpose of bringing and did bring a profit to the said defendant, deceased, and that such profit was a

More *v.* Bennett.

portion of the estate left by the deceased, and therefore the cause of action survives against the estate of the deceased ; and that the executor therefore should be made a defendant." An affidavit is read by the attorney of the defendant, denying the alleged purpose of the publication of the libel, and denying that any profits accrued to the defendant thereby.

*Raymond & Coursen,* for the motion,

*John Townshend,* opposed.

HARDIN, J. At common law, an action for libel did not survive to the representatives of a deceased plaintiff, nor against the representatives of a deceased defendant. (1 *Saund.* 72, *k.   Haight* v. *Hayt,* 19 *N. Y.* 467, *opinion of Grover, J.* 8 *How. Pr.* 32.)

It was held, in May, 1813, in *Ireland* v. *Champney,* (4 *Taunt.* 885,) that although an assessment of damages took place in the lifetime of a party plaintiff, in an action for libel, and the death of the plaintiff took place before entry of judgment, the action abated.

The general rule of the common law has, as to a certain character of wrongs, been modified or abrogated by express statutory provision. (2 *R. S.* 467, § 1, *Edm. ed.* 19 *N. Y.* 467.) That section provides for "wrongs done to the property, rights or interests of another," an action may be brought against a wrongdoer, or, after his death, against his executors or administrators, in the same manner, and with the like effect, as actions founded upon contract. But this section is followed by one expressly excepting from its provisions actions for slander or libel ; and therefore the provisions of the section of the Revised Statutes above referred to leave untouched the common law rule as to the action of libel. (*Haight* v. *Hayt, supra.*)

By section 3 of 2 *R. S.* 402, *Edm. ed.,* it is provided

that if a sole defendant die after interlocutory judgment, such action "shall *not abate* by reason of such death, *if it might* be originally *brought against the executors* of such *defendant.*" This provision contains, as the quotation shows, a limitation which excludes the action of libel ; as that is not "an action which might be originally brought against the executors of such defendant." And it has been held that the entry of judgment after verdict or interlocutory judgment, under the provisions of the Revised Statutes just referred to, is not allowable, under the present practice. (*Livingston* v. *Rendall,* 59 *Barb.* 495.)

Those provisions regard either an interlocutory judgment, or verdict in favor of a party, in his lifetime, as the foundation of a judgment to be entered after his death. (2 *R. S.* 402, §§ 4, 5, *Edm. ed.*)

It is provided by section 121 of the Code that "no action shall abate by the death of a party * * * *if the cause* of action survive or continue." It also contains a provision for continuing the action, somewhat like the provision of the Revised Statutes in respect to continuing actions. But these general provisions were held inapplicable in such actions as *abated* by death. (*Webber's Ex'rs* v. *Underhill,* 19 *Wend.* 452, *and opinion of Cowen, J.,* 453, 454. 5 *Abb.* 351. 10 *id.* 105.)

In 1857 the legislature amended section 121 of the Code by adding that "after a verdict shall be rendered in any action for a wrong, such action shall *not abate* by the death of *any party,* but the case shall proceed in the same manner as in cases where the cause now survives by law." But for this provision, actions of this character would abate, in the event of death of a party, even after verdict, so far as any provision of the Code affects the question.

In *Wood* v. *Phillips,* (11 *Abb. N. S.* 1,) it was held by the Court of Appeals, in 1871, that by death of the plaintiff an action for purely personal wrong does not

More *v.* Bennett.

abate after verdict, and that the verdict is property which passes to the representatives. Rapallo, J., in delivering the opinion of the court, says: "A claim for damages for a purely personal wrong, while it *remains unliquidated*, and unascertained by a *verdict*, dies with the person." (*Page* 2.)

Since the passage of section 121 many cases have held that the death of a sole defendant produces an abatement of an action predicated upon the wrongful act of the defendant, and leave to continue has been refused. (*Putnam* v. *Van Buren*, 7 *How.* 31. *Freeman* v. *Frank*, 10 *Abb.* 370. *Mosely* v. *Mosely*, 11 *id.* 105. *Kissam* v. *Hamilton*, 20 *How.* 369.)

For the reason that the " cause of action does not survive or continue," the plaintiff is not entitled to an order continuing the same against the executor of the deceased defendant.

The supposed profit derived by the deceased by the publication of the libel, nor the intent to gain profits by its publication, does not bring this case within any exception known to the common law, the Revised Statutes, or the Code. Before such an exception can be incorporated in the rule in respect to survival of actions, there must be an intervention by the legislature.

Although, as Hunt, J., says, in his opinion, when considering another aspect of this case, "the plaintiff has received a scant measure of justice in the disposition of this case," (48 *N. Y.* 473,) still, it is the duty of the court to adhere to the well defined rule of law in respect to actions to recover damages for purely personal wrongs.

The motion is denied.

[NEW YORK SPECIAL TERM, February 3, 1873  *Hardin*, Justice.]