EDMUND COFFIN, Appellant, *v.* RICHARD COKE and OTHERS, Respondents.

*Extra allowance — may be granted when no trial is had — Code,* § 309.

In difficult and extraordinary cases an additional allowance may be made under section 309 of the Code, where the plaintiff discontinues the action before trial on payment of costs.

Appeal from an order made at the Special Term granting an extra allowance to the defendants.

In this action the summons and complaint had been served on some of the defendants; demurrers had been put in by the same attorneys for all; a motion had been made for a preliminary injunction and denied, and on appeal to the General Term the order denying the injunction had been affirmed. The plaintiff there-

upon offered to give to the defendants a consent of discontinuance, and to pay them their taxable costs and disbursements. Whereupon the defendants made this motion, and an extra allowance was granted them.

*Edmund Coffin, Jr.*, for the appellant. No allowance under section 309 of the Code, can be given until the final determination of the matter in controversy. (*Powers* v. *Wolcott*, 12 How., 565 ; *Merchants' Exchange Bank* v. *Commercial Warehouse Co.*, 3 Jones & Spencer, 214.) And this final determination must be by the recovery of a judgment on the part of the party claiming the allowance. The plaintiff can have no extra allowance where he is prevented from obtaining a judgment by a tender of amount due and costs. (*Brace* v. *Beatty*, 7 Abb., 445 ; *Pratt* v. *Conkey*, 15 How., 27 ; *Bostwick* v. *Tioga R. R. Co.*, 17 How., 456.) Nor unless the determination of the action gives him an actual recovery. (*Commissioners of Pilots* v. *Spofford*, 3 Hun, 57, 59.) The plaintiff had a right, at any time before judgment, to discontinue, as a matter of course, on payment of the taxable costs up to that point in the litigation. (2 R. S., p. 613, § 1 ; *Rees* v. *Van Patten*, 13 How., 258 ; *Cooke* v. *Beach*, 25 id., 356 ; *Seaboard and Roanoke R. R. Co.*, v. *Ward*, 18 Barb., 595 ; *Pennel* v. *Wilson*, 5 Robt., 661.)

*Rastus S. Ransom*, for the respondents.

DAVIS, P. J. :

The only question on this appeal is whether an additional allowance may be granted by the court where the plaintiff discontinues the action on payment of costs.

It is not doubted that this case was difficult and extraordinary within the meaning of the Code. A defense had been interposed.. The merits were involved in the motion for injunction which came before this court on appeal, and was fully discussed by the respective counsel and considered by the court. After a decision adversely to the plaintiff, he served notice of discontinuance on payment of costs. This entitled the defendant to tax *final* costs in the action. An additional allowance when properly granted becomes a part of the

costs of the action awarded by the Code to the successful party. (*Commissioners of Pilots* v. *Spofford*, 10 S. C., 57.) Such allowance when granted is within the word " costs," as used in section 385 of the Code. (*Coates* v. *Goddard*, 2 Jones & Spencer, 118.)

The following cases seem to justify an allowance when a plaintiff voluntarily submits to a nonsuit or discontinues after issue joined: *Allaire* v. *Lee* (4 Duer, 609); *Danenhover* v. *March* (4 Abb., 254); *Woods* v. *Illinois Central R. R.* (20 How. Pr., 285).

As the Code now stands a *trial* is not a necessary element when a defense has been interposed in a difficult and extraordinary case; nor do we deem it necessary that a judgment should be actually entered.

It is enough if the plaintiff has terminated the action in such form that the defendant can lawfully claim the payment of his costs on such termination and enforce their payment in any mode known to the practice.

The order should be affirmed with ten dollars costs, besides disbursements.

BRADY and DANIELS, JJ., concurred.

Order affirmed with ten dollars costs, besides disbursements.