## NICHOLS *vs.* CHAPMAN.

A judgment on a *warrant of attorney* to confess, &c. may be entered *after the death of the defendant,* provided it be entered as of the term in which he dies, if the death happen during a term; and if it happen during a vacation, that it be entered as of the term immediately preceding the death.

Such judgment, however, does not bind the *real estate* of the deceased ; it is merely a debt having a preference, to be paid in the usual course of administration.

Nor can execution issue upon such judgment, or upon any other judgment, where the defendant dies after judgment and before execution, until *one year* after the death of the defendant.

An administrator or executor cannot be compelled to pay *debts* of the deceased, until *six months* have elapsed from the granting of letters testamentary or of administration ; nor can the payment of *legacies* or *distribution* be decreed until *twelve months* after such period.

December 6.      IN *May,* 1832, the defendant executed a bond and warrant of attorney, authorizing the confession of a judgment in the penal sum of $10,000, the condition of the bond being for the payment of $5000.   On the 10th of *August,* the defendant died.   On the 20th August, letters of administration were granted on his estate.   On the 11th *October,* judgment was

entered upon the warrant as of *July term* preceding, the death of the defendant being suggested on the record, and on the 15th October an execution, tested as of July term and returnable at the October term, was delivered to the sheriff and *levied* on the property of the deceased. On the 28th *September*, the administrators paid to an agent of the plaintiff $1000, taking a receipt containing an engagement to refund, if, &c. The administrators now apply to set aside the judgment and execution, and allege that there are not sufficient assets to pay debts.

*H. Bleecker*, for the motion, cited *Graham's Pr.* 620, for the proposition that in no case will the court allow a *judgment* to be entered on warrant after the death of the defendant; in which he is supported by *Archbold*, both citing 2 *Strange*, 1081, as their authority. But if the judgment could regularly be entered, he contended that, under the provisions of the revised statutes, the execution had irregularly issued.

*M. T. Reynolds*, contra.

*By the Court*, Savage, Ch. J. The general rule is, that the death of either party to a warrant of attorney *is* a revocation of it; but this rule does not apply where a judgment entered upon such warrant can be made good by relation. Thus, if a person who has executed a bond and warrant of attorney to confess judgment die during a vacation, judgment may be entered against him during the same vacation as of the preceding term, and it will be valid by the common law. 1 *Dunlap*, 364, *and cases cited*. And upon the same principle, the execution *at common law* might have issued if tested before the death of the defendant and levied before the next term; as between the parties, the execution has relation to the test, but not so as to purchasers. So the law was declared in *Robinson* v. *Tonge et al.*, 3 *P. Wms.* 398, 9. In *Heapy* v. *Parris*, 6 *T. R.* 368, the defendant died in Easter term; in the vacation of that term, judgment was entered upon a warrant of attorney, on which an execution was issued, tested after the defendant's death. On motion to set aside this judgment and

execution, the judgment was held to be regular, but the execution set aside. Lord Kenyon seemed to decide that an execution could in no case be issued against a dead man, and that a *scire facias* was necessary to revive the judgment against the executors. But in *Bragner* v. *Longmead*, 7 *T. R.* 20, he refers to the fact that in *Heapy* v. *Parris* the execution was not sued out nor tested until after the defendant's death, and therefore was irregular. The point decided in *Bragner* v. *Longmead* was, that a judgment signed during term or the subsequent vacation relates to the first day of the term, although the defendant dies before judgment actually signed, and that an execution against the goods may be issued upon it if tested on the first day of the term, the principle being that it must be tested during the life of the defendant. Lord Kenyon says what judges at the present day will also say: " If we were now to consider for the first time whether legal relations and legal fictions should be adopted, we would inquire into and sift most minutely the foundations on which they could be supported; but it is now too late for us, sitting in a court of law at the close of the 18th century, (1796,) to consider whether or not that which has at all times been considered as law should continue to be law now." The case of *Chancey* v. *Needham*, 2 *Strange*, 1081, was cited in that case. Lord Kenyon considered the report in Strange incorrect; but if reported correctly there, it does not warrant the proposition which Archbold, 2 *Arch.* 14, has extracted from it, that in no case will the court allow judgment to be entered upon a warrant of attorney after the death of the defendant, and in which Mr. *Graham*, in his *Practice, p.* 620, has adopted. It is proper here also to notice another error on the same page of the last work, for which 1 *Chitty's R.* 707, is quoted, to wit, that a warrant of attorney under seal, executed by one person for himself and his partner, in the absence of the latter, but with his consent, is sufficient. It has been frequently decided in this court, and the cases are reported, that such an execution is not sufficient without an authority under seal. In *Chancey* v. *Needham* judgment was entered upon an *old warrant of attorney,* on an affidavit that the defendant was alive and the debt unpaid. It was a case, therefore, where judgment could

not be entered without leave granted on special motion in open court ; all that the court said was, that in such a case (a case where the warrant of attorney was an old one) they would not allow judgment to be entered after the death of the defendant. This is very far from saying that in no case can judgment be entered after the death of the defendant ; for the practice is well established of entering judgment of course, without special motion, during the term or vacation in which the defendant has died, at any time when the judgment can have relation to a period before the death of the defendant. But a judgment cannot regularly relate back more than one term; if entered in term, it relates to the first day of the term ; so also if entered at any time during the vacation ; but a judgment entered in May term or vacation cannot relate to the January term previous. This was so decided in *Bennett* v. *Davis*, 3 *Cowen*, 69. See also 1 *Cowen*, 740, 1.

It is contended, however, that if at common law the judgment and execution would have been regular, under our statutes the *execution* is irregular. The provisions of the statutes which relate to the subject are as follows : When a record shall be filed within one year after the death of the defendant, if the death happened before judgment, a suggestion shall be entered on the record ; if the death happened after judgment, the fact shall be certified on the back of the record by the attorney filing the same—such judgment not to bind the real estate which such party shall have had at the time of his death, but to be considered as a debt to be paid in the usual course of administration. 2 *R. S.* 359, § 7. If a party die after judgment rendered against him, but before execution issued thereon, the remedy on such judgment shall not be suspended by reason of the non-age of any heir of such party ; but no execution shall issue on any such judgment until the expiration of one year after the death of the party against whom the same was rendered. 2 *R. S.* 368, § 27. Both these provisions may have had special reference to real estate, but they are equally applicable to personal property, the same considerations applying to each species of property. A similar provision is found in the revised laws of 1813. 1 *R. L.* 502, § 8. The surrogate has power now to decree

the payment of debts after six months˸shall have elapsed from the granting letters testamentary or of administration.   2 *R. S.* 116, § 18.   It follows that payment cannot be compelled in a shorter time.   The payment of legacies or distributive shares may be decreed after twelve months shall have elapsed from the granting of such letters.   I have not found any positive prohibition against a creditor prosecuting an executor or administrator, but the provisions of the revised statutes are tantamount to it ; no costs can be recovered in such suit, unless there has been an unreasonable delay or resistance of payment, or refusal to refer any matters in difference.   2 *R. S.* p. 90.   7 *Wendell*, 522.   6 *id.* 554. 5 *id.* 74.   Creditors have six months in which to present their claims to be entitled to payment out of the assets in the hands of the executor or administrator, 2 *R. S.* 88, 89, of course, it is improper for such executors or administrators to pay any debts until the expiration of six months, unless they are confident of the sufficiency of the assets.   No execution can issue upon a judgment against the executor or administrator until his account is settled, unless by order of the surrogate.   It is the duty of executors and administrators to sell the personal property, if they discover that a sale will be necessary to pay debts and legacies, 2 *R. S.* 87; they may do so immediately.   If the legislature had contemplated the possibility of a right existing in any creditor to levy upon such property, some provisions should have been made for such a case.   The order in which debts shall be paid is specially pointed out, 2 *R. S.* 87; 1. Debts to those entitled to preference under the laws of the United States; 2. Taxes; 3. Judgments and decrees against the deceased according to their priority; 4. All other demands inferior to judgments.   The judgment in question is one against the deceased in his life time by relation.   It is possible there may be older judgments, and if so, such older judgments are entitled to preference out of the very property which is now levied on ; if this is the older judgment, then it is entitled to preference, and then the execution and levy are useless. We have then the following statutory provisions: 1. That upon a judgment against the deceased in his life time, no execution shall issue until the expiration of one year.   2 *R. S.* 368, § 27.

ALBANY,
Dec. 1832.

Nichols
v.
Chapman.

2. That when the judgment record shall be filed after the death of the defendant, the debt shall be considered a debt to be paid in the usual course of administration. 2 *R. S.* 359, § 7. 3. The course of administration among judgments is to pay the oldest first. These are positive provisions which have a direct bearing on the case under consideration, and seem to say, in very intelligible language, that although judgments exist when a man dies, no execution shall issue within a year; and that time seems to be given to the representatives in which to pay the debts. The provisions on the subject of the rights and duties of executors and administrators have a similar bearing. 1. They are to proceed to ascertain and pay the debts with all convenient despatch; and when satisfied that the personal property must be sold, may do so without delay. 2. They cannot be compelled to pay within six months. 3. They shall not be compelled to pay costs without fault on their part. 4. No execution can issue against them of course, until their account of administration shall have been settled. 5. Surrogates have power to decree payment of debts. Of course, suits at law are in general unnecessary when the demand is not disputed.

There may be other provisions, but these are enough to shew that the legislature intended that the goods of a deceased person should go into the hands of his representatives, and not into the hands of sheriff; that a reasonable time should be given the representatives to arrange the estate, and then that it should be applied as the statutes direct. It may now be truly said, as was said by Lord Kenyon in *Heapy* v. *Parris*, "The moment a party is dead, the rights of his creditors are fixed. A judgment debt is a debt of a superior nature, and when docketed, is to be paid before simple contract debts; but the defendant's executor could have no notice of this judgment when the execution was sued out, and may perhaps be paying other debts of an inferior nature." According to the views above expressed, the administrators in this case ought not to have paid any debts within six months, but they might and ought to have converted the goods levied on into money, if they could have done so advantageously. In

any view which I can take under our statutes, it seems to me that the execution was irregularly issued, and should be set aside with costs.