SALTER *vs.* NEAVILLE.

*In the matter of the Estate of* FRANCIS NEAVILLE, *deceased.*

AN order for a judgment as in case of nonsuit, against the intestate in his life-time, entered in the minutes of the Court, is the basis of a valid claim against his estate, though the record be not signed or filed till after his decease. The taxation of the costs is mere matter of adjustment, consequent on the judgment.

J. H. MALCOLM, *for Petitioner.*
A. H. WALLIS, *for Administrator.*

THE SURROGATE. The intestate commenced a suit in the New York Common Pleas against Albert Salter, the claimant. By the order of the Court, dated May 19, 1849, and entered in the minutes, judgment as in case of nonsuit was ordered to be entered in the cause against the plaintiff. The intestate, Neaville, died July 20, 1849, and on the 8th of August, 1849, after his death, the costs were taxed, and the judgment record signed and filed. Upon the final accounting of the administrator, Salter claims payment of the amount of the judgment for costs, and the administrator resists the demand on the ground the judgment was perfected subsequent to the intestate's decease. There is no question of priority, no other claim being made against the estate.

The statute with regard to records of judgment filed and docketed within one year after the death of the party against whom such judgment was obtained, declares that such judgment shall not bind the real estate of the deceased, but shall be considered as a debt to be paid in the usual course of administration. (2 *R. S.,* 3d *ed., p.* 455, § 10.) It is also provided that if the plaintiff or the defendant in a suit shall die after interlocutory, and before

final judgment, such action shall not abate, if it might be originally prosecuted by executors or administrators (2 *R. S.*, *3d ed.*, *p.* 483, § 2) ; and that after verdict rendered, or plea of confession, if either party die before judgment be actually entered thereon, the Court may within two terms after such verdict or plea, enter final judgment in the names of the original parties. (*Ibid.*, § 3.)

The section first cited obviously contemplates the filing and docketing of a judgment record after the decease of the party against whom it was obtained, and where it has been done within a year after the death, settles the mode in which it shall be paid, that is,—in due course of administration. The term of a year has manifestly been fixed, in reference to the provisions of the statute in relation to advertising for claims against the estate of a deceased person at the end of six months, and the continuance of such advertisement for six months. It seems that a judgment so entered and docketed after the death of the party, has priority of payment according to the date of the docket. (*Nichols* vs. *Chapman*, 9 *Wendell*, 452.) The second and third Sections (2 *R. S.*, *3d ed.*, *p.* 483), in regard to the death of a sole plaintiff or defendant after interlocutory, and before final judgment, imply that death after final judgment does not affect the proceedings nor require statutory interposition. Now, under the old practice the judgment became perfect, after the lapse of four days after the entry of the rule for judgment, though the record was not filed. (*Grant* vs. *Root*, 3 *Cowen*, 354.) The judgment is the final decision or determination of the Court ; the record is the narrative of the proceedings. Where a judgment, as in case of nonsuit, is rendered at a special term, the record or judgment roll is properly made up, as of such special term. (*Superintendents of the Poor, &c.*, vs. *Smith*, 11 *Wend.*, 181.) The judgment in the present case was final, being for the defendant ; it was made by the Court, and entered in the minutes of the Court before the decease of the intestate. (2 *Archb.*, 26, 262 ; 1 *Burrill*, 246 ;

2 *Saunders*, 72, *n.* ; *Fleet* vs. *Youngs*, 11 *Wendell*, 522 ; *Lee* vs. *Tillotson*, 4 *Hill*, 27.) The taxation of the costs is mere matter of allowance and adjustment, consequent on the judgment; the ascertainment of a liability fixed by the statute according to certain rates. That liability in the present instance accrued by the order or judgment of the Court in which the action was pending, during the life-time of the decease. The record itself, when duly made up, related back to the time of the entry of that order or judgment, no matter when it was in fact signed ; though the actual time of signing, filing, and docketing might affect the rights of the party in case of any question as to priority of payment. I think, therefore, the demand of the claimant a valid debt, and it must be paid in due course of administration.