BERNES *vs.* WEISSER.

*In the matter of the Estate of* WILLIAM WEISSER, *deceased.*

A judgment against a surety on a stipulation in admiralty, recovered after
    the death of the stipulator, is not entitled to priority of payment out of
    his assets.  The provision of the statute authorising judgments, in cer-
    tain cases, to be entered against the deceased after his death, and
    declaring that such judgments shall not bind the real estate, but be con-
    sidered as debts payable in the usual course of administration, relates to
    judgments in our own courts.
Whether judgments recovered in the life-time of the deceased, in the United
    States Courts of this District, are entitled, under the statute, to priority
    of payment—*quære.*

ALANSON NASH, *for Petitioner.*
M. PORTER, *for Administrator.*

THE SURROGATE.   The assets of the intestate being insuf-
ficient for the payment of all his debts in full, Carl Bernes,
one of the creditors, presents a demand for which he
claims priority.   The intestate, in the month of January,
1849, signed a stipulation in admiralty in a cause wherein
Bernes was libellant.   On the sixth of the succeeding June,
a decretal order of reference was made to ascertain and
compute the amount due the libellant; on the 29th of De-
cember the Commissioner reported, and on the 2d of Janu-
ary, 1850, a final decree was entered, and judgment was
also recovered against the stipulators.   By the terms of the
act of Congress of March 3, 1847, "judgment both against
the principal and sureties may be recovered at the time of
rendering the decree in the original cause ;" and the prac-
tice is to enter this judgment without going through the
form of a suit, and to enforce the stipulation by summary
process of execution.   (1 *Conkling's Admiralty*, 412, 460 ;
2 *Id.*, 775).

Weisser, the intestate, died August 28, 1849, and I suppose the judgment against him in the succeeding January was unauthorized. At the time of his death he was only liable on the stipulation, and was not a judgment debtor. If proceedings had thereafter been taken against his administrator, they could have resulted only in a judgment against him, and not against Weisser.

The stipulation in admiralty is an obligation that is not dissolved by death, and extends in terms to heirs, executors and administrators. In England, the Court of Admiralty is not a Court of Record, and for that reason has at common law been held incompetent to take recognizances constituting debts of record, entitled to priority of payment and binding the lands of the cognitor. Such an effect of the stipulation has not been claimed by the Admiralty Courts in this country. But even treating it as a recognizance, it is not a record until it is enrolled, and at common law a recognizance has no preference over specialty debts until enrollment (*Glynn* vs. *Thorpe*, 1 *Barn & Ald.* 153. *Bothomly* vs. *Fairfax.* 1 *P. Wms.*, 334). At the time of Weisser's death, therefore, there was no debt of record against him. The stipulation was nothing more than a conditional obligation to pay, and although judgment could be entered on it, without service of process, immediately on the final decree against the principal, yet that was not in fact done during the intestate's lifetime. The stipulation certainly did not constitute a judgment, in any sense, and our statute gives priority under the third class of preferences, only "to judgments docketed and decrees enrolled against the deceased."

There is a provision of the statute, authorizing judgment in certain cases to be entered against the deceased after his death, and then it is directed that when a record of judgment shall be filed and docketed within a year after the death of the party defendant, the judgment shall not bind the real estate, "but shall be considered as a debt to be paid in the usual course of administration." (2 *R. S., p.*

359, § 8.) If the effect of this section be, as supposed (9 *Wendell*, 455), to give the judgment recovered after death priority of payment over simple contract debts, yet the provision relates only to judgments in our own courts.

I have had occasion to determine that judgments recovered in the courts of other States, have no priority of payment over simple contract debts. The judgments of the United States courts, are not to be considered as foreign judgments, and yet, if recovered in this district, do they come within the provision of the statute giving judgments a preference? (6 *Paige*, 457.) It is not necessary now, to consider that question, as the judgment recovered on the stipulation signed by the intestate, was recovered after his death, and not being in a state court, and therefore not such a judgment as our statute contemplates when it authorises judgments to be docketed after the death of the party, has no statutory authority for its payment, except as an ordinary debt. The claimant must, therefore, be denied any preference.