## CLARK'S CASE.

*Supreme Court, First District; At Chambers, August, 1862.*

SURPLUS MONEYS.—EQUITABLE LIEN.

A judgment filed and docketed after the decease of the defendant, does not bind real estate, but is to be considered merely as a debt to be paid in the usual course of administration.

Where there is a surplus fund in court after a foreclosure against executors, a creditor who has obtained a surrogate's decree against the estate will be preferred to legatees who claim the fund.

An order of court does not conclude persons who are not parties or privies to the proceeding.

Motion to confirm report of referee.

The petitioner, Martha E. Clark, filed a claim against $753.52, in the hands of the chamberlain of the city of New York, surplus moneys on a sale in foreclosure, in an action by Horace F. Clark against Margaret Clark, widow of Owen Clark, the executors of Owen Clark, and several others. The petitioner had obtained a decree before the surrogate of the city and county of New York, against the estate of Owen Clark for $208.50, and a further decree for $175.74. These decrees were not docketed.

Owen Clark by his will devised all his estate to his wife, Margaret, with remainder in fee to his three daughters. An order had been entered *ex parte*, giving the fund to the devisees. The petitioner sought to have the amount of her decree paid out of the surplus moneys. Her application was opposed by the widow and daughters, and by the executors. The matter was referred to A. D. Ditmars, who reported adversely to the prayer of the petitioner. The petitioner filed exceptions to the report. The case came up on motion to confirm the report.

*Peter Y. Cutler*, for the petitioner.—I. The decree in favor of the petitioner is for moneys collected by Owen Clark, and held by him in a fiduciary capacity, which he had wrongfully omitted to pay over. The claim then is one of the highest equity, and should be sustained if possible.

II. This claim is not contested by any judgment-creditor; but by the widow and next of kin. It is held here for the first time in 300 years, as it is believed, that volunteer donees of a deceased debtor take a preference to a judgment-creditor.

III. The referee in this matter has decided the question as if it were a technical question of lien upon the land, under the statute as between conflicting judgment-creditors. If a bill had been filed by one of several judgment-creditors to have this fund marshalled and distributed as assets among the creditors of the deceased, even simple contract-creditors would be decreed to be paid. A bill, however, is not necessary. A petition is sufficient; and where the fund is so small, it would be inexcusable to file a bill.

IV. The objectors may say that our judgment should have been presented in due time to the executor of Owen Clark to be paid in the regular course of administration. So it should have been. But now that the executors have distributed all the funds in their hands, as we must assume, from the facts in the case, there is nothing to distribute, and it would be an idle ceremony to go to the executor.

V. Here is a fund subject to the jurisdiction of this court. A creditor by decree asks that a sufficient portion of that fund for the purpose be applied to pay the decree. No other judgment-creditor appears. The petitioner insists that the debt of the testator, due to her should be paid before the legacies.

*Nathan A. Chedsey,* opposed.—I. The question as to the surplus moneys herein, has been heretofore determined by this court.

II. The petitioner has no claim upon this fund, it being derived from real estate, until the record of her claim is filed and docketed. (2 *Rev. Stat.,* 360, § 11.)

III. The decree of the surrogate against Owen Clark was made subsequent to his death. Such decree cannot bind the real estate, or the funds derived therefrom, but should be considered as a debt to be paid in the usual course of administration. (2 *Rev. Stat.,* 359, § 7; 9 *Wend.,* 455; 1 *Bradf.,* 488; 2 *Ib.,* 212.)

CLERKE, J.—The provisions of the Revised Statutes to which the counsel of Margaret Clark refers me, are only applicable to determine the priority of the liens of several creditors of a living or deceased debtor. Those provisions are also connected with other sections relative to the manner in which purchasers or mortgagees should be affected.

A judgment filed and docketed after the decease of the defendant, undoubtedly does not bind real estate, but is to be considered as a debt to be paid in the usual course of administration; that is, it shall not be entitled to the preference which the law gives to judgment-debtors of a deceased person over recognizances, bonds, sealed instruments, notes, bills, and unliquidated demands and accounts. (2 *Rev. Stat.,* 87, § 27.)

But where the real estate has been sold under a foreclosure, and there is a surplus fund in court, and where there is no other creditor entitled to a priority, and, indeed, no debt of any kind, a court of equity will not disregard the claim of a creditor who has proved his claim before the surrogate and obtained a decree, and will not appropriate the surplus to a legatee of the deceased debtor.

The statute itself expressly provides that the proceeds of a testator's or intestate's estate shall not be distributed among the legatees or next of kin until after the payment of the debts. It is only the surplus after the payment of debts that they are entitled to; and, certainly, it cannot be expected that a court of equity will dispose of the fund under its control in contraven-

tion of this provision of the statute, and the plainest dictates of justice.

The former order of the court, giving this fund to the legatees, cannot conclude the petitioner, who was not a party to the proceeding. That order was made without any consideration of the claims of creditors who were not before the court.

The report of the referee must be set aside, and an order entered in conformity with this opinion.

---

## ABELS *a.* WESTERVELT.

*Supreme Court, First District ; General Term, Sept.,* 1862.

PRIORITY OF CREDITORS.—DEFECT IN EXECUTION.—AMENDMENT.

An execution against joint-debtors has priority over an attachment against one of the debtors, though the attachment is also for a joint debt.

Defects in an execution which would be amendable on motion cannot be taken advantage of by a creditor with a junior execution.

What defects in an execution are amendable.

Appeal from an order.

Judgment was recovered in this action by Joseph Abels against Isaac N. Westervelt and Henry Camp, on the 9th October, 1861, for $947.11. An attachment had been issued against the property of Westervelt, as a non-resident, September 11th, 1861, and about the same time levied on the partnership property of Westervelt and Camp. Execution was issued immediately upon the recovery of the judgment. On the 1st October, 1861, one Russell W. Westcott obtained judgment for $500.44 against Westervelt and Camp, in the Marine Court of the city of New York, Camp alone being served, and, after filing transcript, issued execution, reciting that a judgment was recovered in the Court of Common Pleas, " as appears by the judgment-roll filed in the office of the clerk of the city and county of New York." There was no indorsement upon the execution excepting the individual property of Westervelt from