Learned, J.
This is a foreclosure sale on which a surplus remains. The mortgagor is dead. The defendants, Samuel Yan Allen and another, administrators of the mortgagor, now move that the court direct the county treasurer, in whose hands the surplus is, to pay the same to the surrogate of Albany county, for distribution, according to Laws of 1867, ch. 658, and the amendatory acts ; and the question is, whether that act applies to a surplus arising from a sale made by order of this court. The language of the act is, “the person or corporation making such sale, or the person holding the same”(l e., the surplus), “shall pay over such surplus to the surrogate.” Now in case of a sale under order of this court, the sale is made by the *428 court. The referee or sheriff is merely the officer of the court. And it cannot be said that the sale is made by a person or a corporation, or that there is any person who holds the money. The money is held by the court, and is subject to the order of the court. As to those cases to which the act applies, it is imperative : “shall pay over.” So that if the act applies to a sale made under order of the court, this present motion is unnecessary. The referee or sheriff, under such a construction, would be bound to pay the money to the surrogate, notwithstanding the decree in foreclosure might provide otherwise. I do not think this can be the true construction of the act. I think it must be limited to sales made otherwise than by authority of a court. It is true that the amendatory act, Laws of 1870 (ch. 170, § 5), speaks of parties defendant in such foreclosure ; and there is some force in the argument that this must refer to an action ; and it is true, also, that the act of 1868 (ch. 804), has provisions as to foreclosures by advertisement. But I do not think that the control of a court of general jurisdiction over money paid into court should be taken away, unless by explicit language. It may be admitted that in the present case, such a disposition of the money as is asked for might be convenient, for it is stated that the debts of the deceased are about three thousand dollars ; the personal property not over fifteen hundred dollars; and there is no other real estate. But the question is not whether it might not be convenient to send this money to the surrogate, but whether this is the requirement of the statute.
By a careful reading of the statute it will be seen, that, if applicable, the whole surplus would have to be paid over to the surrogate after 'the mortgage was satisfied. But there may be judgment liens on the surplus, for which the court ought to provide and always does provide. And it will not answer to say that the *429 act refers to the surplus after the payment of these liens, because it is not so expressed. Besides, the well known meaning of the word “ surplus,” in such cases, is the surplus after the mortgage is paid (Rule 73). That very rule makes no exception for the case of a deceased mortgagor.
Again: This court is competent to distribute the surplus among the the parties entitled. This is not like the case of a sale made by a person or a corporation. There, no power exists to distribute the surplus equitably. Here, the power is ample. This court can protect the interests of the creditors and of the heirs, as carefully as the other tribunals to which it is proposed to send the moneys. If this act is applicable, then, in every case of a surplus where the mortgagor is dead, even though there were no debts, or though the personal property were ample to pay them, this court would be powerless to distribute the surplus. . Indeed, as before remarked, the court could not even control its own officer; but he would be obliged, whatever the terms of the judgment, to pay the money to the surrogate ; and the surrogate’s receipt would be a discharge to the officer of this court. Even if there should be a motion for a resale, the court could uot grant it after thirty days had expired, because the referee would have paid over the surplus to the surrogate, over whom, of course, this court would have no jurisdiction.
Clark’s case (15 Abb. Pr., 227), shows that the court does act in such cases as this, in distributing the surplus equitably. The money is now in this court. There is nothing to prevent those who are entitled to it, creditors or heirs, from applying to the court, and thereupon, such a distribution as is just and equitable,. can be made. That is all which any tribunal can do; and to do that, this court, in its equity jurisdiction, is competent.
Motion denied.