NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.— December, 1879.

## MATTER OF DUNN.

*In the matter of the estate of* JACOB DUNN, *deceased.*

A money judgment entered against a decedent after his death, upon a verdict rendered during his life-time, relates to the time of the verdict, and is a judgment " docketed against the deceased," and entitled to priority of payment, in the course of administration, under 2 *R. S.*, 87, § 27, subd. 3.

It is not necessary that an order be obtained, in such a case, to enter the judgment, *nunc pro tunc*, as of the term prior to decedent's death.

The petitioner having brought an. action against the testator for rent due, procured a verdict against him for the amount claimed, the exceptions being ordered to be heard in the first instance at the general term. After the argument, and before the decision upon the exceptions, the defendant died, and thereafter judgment was entered against him for $702,24, which judgment petitioner asked to have paid as a preferred debt, alleging that the estate was insolvent, and that ample assets were on hand, to make the preferred payment. *Held*, that the judgment was entitled to preference under the Revised Statutes, and,—the allegation of sufficient assets not being disproved,—payment was ordered, subject, however, to the deduction of a certain sum adjudged as costs, against the petitioner, upon an appeal from an order in his action.

APPLICATION to require the administrator to pay a judgment entered against decedent, as a preferred debt.

The petition set forth that the action in which judgment was ultimately rendered, was for rent due from the deceased to petitioner; that an action for the rent was commenced against decedent by petitioner in the Superior Court of the city of New York, and that on March 24, 1876, a verdict was obtained for the full amount, and thirty days' time given to defendant to make a case, exceptions to be heard in the first instance at General Term, the entry of judgment being suspended in the meantime; that the exceptions were argued in November, 1876, and a decision rendered in May, 1877, overruling the exceptions, and ordering judgment for plaintiff on the verdict, with interest and costs; that judgment was accordingly entered against defendant May 21, 1877, for $702.24; that decedent died about February 12, 1877, after the argument of the exceptions, and before the decision; that said judgment stands as if entered prior to decedent's death; that decedent left a will appointing his wife sole executrix, who qualified, and was afterwards superseded, and one Lynch appointed administrator with the will annexed, who qualified; and that besides other property in his possession, he has about $12,000 cash, realized from the sale of some of decedent's effects; that petitioner's judgment is the only one against the decedent, and the estate is insolvent, and that said judgment is entitled to preference under the third clause mentioned in the Statute of Distribution, and that the debts provable under the first and second clauses will exhaust but a small portion of the assets.

The administrator with the will annexed, answering the petition, denied that the judgment in question stands as though entered prior to the death of decedent, or

comes under the third clause of the Statute of Distribution ; and alleged that he filed an inventory August 10, 1878, and has procured an order to advertise for creditors, which is being published, and does not know whether there are other judgments against the decedent, or that the debts under the first and second clauses of the statute will exhaust but a small portion of the estate ; that petitioner moved the General Term to re-settle the order so as to require the judgment to be entered *nunc pro tunc* as of the term prior to decedent's death ; that the administrator appeared and opposed the motion, which has not been decided ; that the debts of the estate will amount to upwards of $100,000, and that he is involved in numerous litigations, and cannot ascertain the expenses of executing his trust, or what the net proceeds of the estate will be after their payment and his commissions. He filed a supplementary affidavit, showing that the General Term granted the motion to enter the judgment *nunc pro tunc*, from which he appealed to the Court of Appeals, which court reversed the order, with costs, and on the remittitur, the order of said court was made the order and judgment of the Superior Court, and the costs awarded to him as respondent were adjusted at $144.40, no part of which has been paid.

W. H. NEWMAN, *for petitioner.*

J. S. LAWRENCE, *for administrator.*

THE SURROGATE.—By section 37, 3 *R. S.*, 95 (6 ed.), executors and administrators are required to proceed with diligence to pay the debts of the deceased, and are directed to pay them according to the order of classes named, the first being debts of preference under the

federal laws; second, taxes assessed previously to decedent's death; and, third, judgments docketed and decrees enrolled against the deceased, according to the priority thereof, respectively. There seems to be no objection raised as to the regularity of the entry of judgment in this case, and I must therefore assume that it was entered after the death of the judgment debtor, on a verdict obtained in a suit against him before his death, and comes within the provisions of the statute, subdivision 3, above cited.

In Nichols v. Chapman (9 *Wend.*, 452), it was held that a judgment might be entered on a warrant of attorney to confess, &c., after the death of the defendant, as of the term in which he died, if the death happen during the term ; and if it happen during the vacation, as of the term immediately preceding the death ; and that, though the judgment did not bind the real estate of the deceased, it was a debt having a preference, to be paid in the usual course of administration.

By section 8, 3 *R. S.*, 618 (same edition), it is provided that in case judgment recovered shall be filed and docketed within a year of the death of the party against whom it is obtained, the death may be suggested on the record, if it happen before judgment rendered, and if after judgment rendered it shall be certified on the back of the record by the attorney filing it, and that such judgment shall not bind the real estate which the party had at his death, but be a preferred debt to be paid in the usual course of administration. Chief Justice SAVAGE, in Nichols v. Chapman, at page 457, well says that "the course of administration among judgments is to pay the oldest first."

In Salter *v.* Neville (1 *Bradf.*, 488), the case of Nichols *v.* Chapman is cited, and commented upon, the Surrogate saying that " the record itself, when duly made up, related back to the time of the entry of that order or judgment, no matter when it was in fact signed." In Bernes *v.* Weisser (2 *Bradf.*, 212), the same case is recognized as holding that the judgment record after death in such a case gave priority of payment over simple contract debts. It will be observed that there is nothing in subdivision 3 of the section above cited, stating when the judgment shall be docketed or decree enrolled, but the provision is that it shall be against the deceased. The case under consideration comes directly within that provision, for it is a judgment against the deceased, and it must be conceded to have been duly entered as such. *Willard on Executors*, p. 279, etc., discusses this question, and reaches the conclusion, substantially, that a judgment entered against the decedent after his death relates to the time of the verdict, and comes within the provisions of the statute giving it a preference over ordinary liabilities of the estate.

I am therefore of the opinion that the petitioner is entitled to payment of his judgment, as a judgment docketed against the deceased under the 3d subdivision of section 37 above cited ; but I am also of the opinion that inasmuch as, in the same case, judgment for costs was recovered against the petitioner, those costs should be deducted from the amount of the judgment in his favor, and he is entitled to an order directing the administrator with the will annexed to pay the balance of his judgment, as the answer of the administrator does not show

that he has not ample funds in his hands applicable to its payment.

Let an order be entered accordingly.