NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—March, 1887.

MATTER OF CLARK.

*In the matter of the estate of* LEMUEL B. CLARK,
*deceased.*

A final judgment entered, pursuant to Code Civ. Pro., § 763, against a par-
ty to an action, after his death, occurring subsequently to interlocu-
tory judgment against him, has under 2 R. S., 87, § 27, subd. 3, when
duly docketed, the same force and effect, as regards title to priority in
payment, as if decedent had died on the day before its entry.

APPLICATION by judgment creditor for decree direct-
ing payment of his claim.

CORNELL, SECOR & PAGE, *for petitioners.*

G. W. COTTERILL, *for respondent.*

THE SURROGATE.—These petitioners in the lifetime
of the decedent brought an action against him. He
interposed a demurrer. His demurrer was overruled
and an interlocutory judgment was entered against
him on May 29th, 1886. That judgment granted him
leave to withdraw his demurrer and to answer within
twenty days, on payment of costs. It directed that in
case he should fail to comply with its provisions final
judgment should be entered against him. in favor of
the plaintiffs, to recover the sum of $1,500, with inter-
est and costs. Before the expiration of the twenty
days, and on the 9th day of June, 1886, Mr. Clark
died. Final judgment was, nevertheless, entered
against him on June 19th, 1886, pursuant to the pro-

visions of §§ 763 and 1021 of the Code of Civil Procedure.

The judgment creditors seek, by this present proceeding, to obtain a decree directing the respondent, who is the executrix of the judgment debtor's estate, to pay the amount of their judgment. The respondent's answer shows that, unless the claim of these petitioners is entitled to preference over specialty and simple contract debts, no direction for its satisfaction can now be made without imperiling the rights of other creditors entitled to equality of payment.

The order of priority which the representative of an estate must observe in the payment of debts is prescribed by § 27, tit. 3, ch. 6, part 2, R. S. (3 Banks, 7th ed., 2298). It is as follows:

"*First.* Debts entitled to a preference under the laws of the United States.

*Second.* Taxes assessed upon the estate of the deceased previous to his death.

*Third.* Judgments docketed and decrees enrolled *against the deceased* according to the priority thereof respectively."

It is judgments "against the deceased," it will be observed, and not judgments "against the executor or administrator of the deceased," that are thus preferred above recognizances, bonds, notes, etc., which make up class *fourth.* It is indeed expressly declared in the next succeeding section (§ 28) that the obtaining a judgment against a decedent's executor or administrator upon a debt to the decedent shall not " entitle such debt to any preference over others of the same class." But it is provided by § 763 (*supra*) that "if either

party to an action dies after an accepted offer to allow judgment to be taken, or after a verdict, report or decision, *or an interlocutory judgment,* but before final judgment is entered, the court must enter final judgment *in the names of the original parties.*"

Of such a character was the final judgment whose payment is now sought, following as it did an interlocutory judgment within the meaning of § 1021 (*supra*), which declares that the decision of the court upon the trial of a demurrer must direct the final or interlocutory judgment to be entered thereupon. Where it directs an interlocutory judgment with leave to the party in fault to plead anew or amend . . . . it may also direct that final judgment be entered if the party in fault fails to comply with any of the directions given or terms imposed.

Section 1210 provides that " where a judgment for a sum of money or directing the payment of money is entered against a party after his death . . . . a memorandum of the party's death must be entered with the judgment in the judgment book," etc. " Such a judgment " the section proceeds to say " does not become a lien upon the real property or chattels real of the decedent, *but it establishes a debt to be paid in the course of administration.*"

Section 763 (*supra*) is founded upon sec. 4, tit. 1, ch. 7, part 3, R. S. (3 Banks, 5th ed., 669), which declares that " after a verdict shall be rendered in any action, and after a plea of confession in a suit brought, if either party die before judgment be actually entered thereon, the court may, within two terms after such

verdict or plea, enter final judgment in the names of the original parties."

Section 1210 (*supra*) is a substantial re-enactment of § 7, tit. 4, ch. 6, part 3, R. S. (3 Banks, 6th ed., 638). The concluding paragraph of the latter section is almost literally the same as the concluding paragraph of § 1210.

In Nichols v. Chapman (9 *Wend.*, 452, 456) it was held that a judgment entered after the death of the party against whom it had been obtained, was entitled to priority of payment over simple contract debts, being a judgment by relation against the deceased in his lifetime (see also Salter v. Neaville, 1 *Bradf.*, 488; Barnes v. Weisser, 2 *Bradf.*, 212; Mills v. Jones, 2 *Rich. S. C. Law*, 393).

I am referred by the respondent's counsel to Matter of Clark (15 *Abb. Pr.*, 227), which contains an intimation of CLERKE, J., at variance with the doctrine of the foregoing cases, but the intimation is *obiter* and is made without argument or citation of authority.

In Burnet v. Holden (1 *Lev.*, 277) judgment upon a verdict in *assumpsit* had been obtained after the defendant's death and before the day in *banc*. The plaintiff brought *scire facias* against the defendant's executor. The executor pleaded a debt due to himself, and insisted that, by right of his executorship, he could lawfully apply the assets of the estate to the satisfaction of his own claim, in preference to the claim of the plaintiff which had not been pressed to final judgment in the defendant's lifetime. Judgment was given for the plaintiff. The doctrine of the case just cited was upheld in Colebeck v. Peck (2 *Ld. Raym.*,

1280), and in Saunders v. McGowran (12 *M. & W.*, 221).

In Ainslie v. Radcliff (7 *Paige*, 439), Chancellor WALWORTH declared that the direction usually contained in decrees for the distribution of a decedent's personal assets among his creditors—*i. e.*, " to pay the debts in due course of administration "—was a direction, *not* to disregard legal priorities, but rather to respect them, and to satisfy the debts accordingly.

I have no hesitation in holding that the judgment here in question, if it has been duly docketed as the statute directs, has precisely the same force and effect that it could claim if this decedent had died on the day after its entry.