In the Matter of the Estate of JAMES TAYLOR, Deceased.

Surrogate's Court, Westchester County, January 11, 1942.

*Louis C. A. Lewin,* for the petitioner.

*Samuel Herbsman,* for Jacob Griffel, claimant.

*Hannibal M. Fiore,* for the Federal Deposit Insurance Corp., claimant.

MILLARD, S. In the final accounting of the executor herein a proof of claim has been filed by one Jacob Griffel, who claims to be entitled to a preference under subdivision 3 of section 212 of the Surrogate's Court Act, as a judgment creditor of decedent. It appears that an action was commenced against the decedent during his lifetime in the Supreme Court of New York County on a cause of action for goods sold and delivered. It has been established that on September 13, 1940, and prior to the death of decedent, an order was made by a justice of the Supreme Court of New York County directing the entry of judgment therein by default. Said order was entered in the office of the clerk of New York county on September 13, 1940, and provided that judgment be entered by the clerk of the court without further order. Pursuant to said order a default judgment in the sum of $131.11 was docketed against the decedent in the office of the clerk of New York county on September 16, 1940, approximately three hours after the death of decedent.

Subdivision 3 of section 212 of the Surrogate's Court Act awards a preference as to " judgments docketed, and decrees entered against the deceased according to the priority thereof respectively." The judgment herein was awarded against the decedent prior to his death but docketed thereafter. Section 478 of the Civil Practice Act provides for the entry of judgment against a party after his death, if the death of such party occurs after a verdict, report or decision, and contains a specific provision prohibiting the entry of judgment against a party who dies prior to the rendering of such verdict, report or decision.

In *Matter of Dunn* (5 Redf. 27) the court held that under the statute then in force (3 R. S. [6th ed.] 95, § 37), corresponding to and substantially similar to subdivision 3 of section 212 of the Surrogate's Court Act, a money judgment entered against the deceased after his death upon a verdict rendered during his lifetime was entitled to priority in payment as a judgment. I am in accord with the conclusion therein reached. The purpose of section 478 of the Civil Practice Act is to permit the entry of judgment against a decedent after his death where the merits of a controversy have in effect been determined prior thereto. (*Davis v. Ross,* 259 App. Div. 577; motions for reargument and for leave to appeal to the Court of Appeals denied, Id. 1029.) In my

opinion the order directing the entry of judgment was a verdict, report or decision within the purview of said section. (*Davis* v. *Ross, supra.*)

The judgment being a valid judgment against the deceased is entitled to priority in payment pursuant to the provisions of subdivision 3 of section 212 of the Surrogate's Court Act. In my opinion, the right to priority of payment therein provided for is dependent only upon whether the judgment is regularly entered against the deceased. (*Matter of Dunn, supra; Salter* v. *Neaville,* 1 Bradf. 488.) The claim of Jacob Griffel will, therefore, be allowed as a preferred claim under subdivision 3 of section 212 of the Surrogate's Court Act.

The decree will so provide.